# Kennedy *v.* Consolidated Traction Company, Appellant.

*Negligence—Street railways—Collision between car and wagon—Case for jury.*

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was driving on a street which terminated in an avenue on which the defendant operated a double track electric railway. Plaintiff testified that as he came out of the side street he checked his team and looked both ways, that he could see plainly to the east for a distance of about 120 feet, that he saw no car within that space, that a funeral procession was approaching upon the east bound track which was the one nearest him. He drove across this track and turned to the west driving diagonally across the street, and when at a point about forty or fifty feet west of the side street, his wagon was struck upon the right side near the front wheel by a west bound car. Plaintiff's testimony was corroborated by other witnesses. The testimony as to the speed of the car was conflicting, but it appeared that if the car had been running at an ordinary speed, it could have been checked after the motorman had reason to apprehend a collision, and before reaching the wagon. Much of the plaintiff's proof was contradicted by the defendant's witnesses. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 25, 1904. Appeal, No. 62, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 144, on verdict for plaintiff in case of Luther Kennedy v. Consolidated Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The circumstances of the accident are detailed in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,267. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellant.—The appellee was guilty of contributory negligence : Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504 ; Carson v. Federal Street, etc., Ry. Co., 147 Pa. 219 ; Smith v. Electric Traction Co., 187 Pa. 110 ; Burke v. Union Traction Co., 198 Pa. 497 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Moser v. Union Traction Co., 205 Pa. 481 ; Bobb v. Union Traction Co., 206 Pa. 265.

*Rody P. Marshall*, for appellee.—The case was for the jury : Hamilton v. Traction Co., 201 Pa. 351.

OPINION BY MR. JUSTICE POTTER, December 31, 1904 :

Just before the accident which resulted in the injuries for which he here seeks to recover damages, Luther Kennedy drove a team of horses and an empty wagon north on Magee street to its intersection with Fifth avenue, in the city of Pittsburg.

The streets in this vicinity, running north and south, do not cross Fifth avenue, but terminate there. Magee street ends at a point about half way between Logan street and Elm street, being approximately 140 feet from each, they being the nearest highways upon either side which lead north from Fifth avenue.

The defendant company has two tracks upon Fifth avenue. As the plaintiff came out of Magee street he checked his team and looked both ways ; he says he could see plainly to the east, beyond Logan street, and that he saw no car within that space. A funeral procession was approaching upon the east-bound track, which was the one nearest him. He drove across this track and turned to the west, driving diagonally across the street, and when at a point about forty or fifty feet

west of the line of Magee street, his wagon was struck upon the right side, near the front wheel, by a west-bound car.

Upon the trial, in the court below, the learned trial judge refused to affirm a point put by defendant's counsel, asking for binding instructions in its favor; and this refusal is the only assignment of error presented upon this appeal. An examination of the evidence shows that there was a disputed question of fact in the case, and that was as to the location of the car, when the plaintiff drove upon the west-bound track, or gave such unmistakable evidence that he was about to do so, as to put the motorman fairly upon notice that he must stop or at least check his car.

This was not the case of a right angle street crossing where the driver goes straight across the street, so directly in front of and so near to an approaching car that the motorman cannot reasonably stop in time to avoid a collision. It is not therefore controlled by the principle of Carson v. Federal St., etc., Ry. Co., 147 Pa. 219 and other similar cases. On the contrary the evidence all goes to show that the plaintiff was not even opposite the mouth of Magee street when struck, but had turned to the west and had reached a point some fifty feet from the line of Magee street; and that he was at the time driving diagonally across the street. The witness Grandison testified that he saw plaintiff come out of Magee street, check his team, look east and west and cross the track a little below. That as he came out of Magee street the car was above Logan street coming from the east on the west-bound track. This witness thinks the front of the team and tongue of the wagon had entered upon the line of the west-bound track while the car was yet up at or near Logan street. That the car came on down without slackening speed and collided with the wagon, about three doors below Magee street, and opposite a lunch room located there. Another witness, Meyers, who was standing at the corner of Logan and Fifth avenue, testified that when the car passed him at that point, the horses were about to cross into the west-bound track, down below Magee street. Three other witnesses also testified to the effect that the car was yet above Logan street when the horses were stepping into the west-bound track. The plaintiff, Kennedy, testified that he had turned his horses so that one was walking

between the rails of the west-bound track, and one was between the line of the two tracks when the wagon was struck. This statement would approximate the circumstances of the accident more nearly to those of a rear end collision, than to those of a crossing case. If the testimony of the witnesses for the plaintiff was credited by the jury, it was sufficient to justify a verdict for him. For the measurements show .that Logan street is about 160 feet from the point where the collision occurred, and if the motorman had been on the. alert, he would have had notice during that space, that a collision was likely to occur unless he checked his car. The distance was ample to permit him to stop the car, if it had been under proper control. The conductor testified that at the ordinary rate of speed, the car could have stopped in but little more than its own length.

On the other hand, the witnesses for the defendant testified that the car was running at about the ordinary rate of speed, and that the plaintiff turned out of Magee street when the car was so near that the motorman could not reasonably stop in time. At least this was the only reasonable inference to be drawn from their evidence. Some of them said the car was not more than from thirty to fifty feet away, when the team was turned into the west-bound track. But because the testimony was thus conflicting, the trial judge was obliged to submit it to the jury. If the evidence on the part of the defendant was true, the plaintiff was guilty of gross contributory negligence and could not recover. But if the story as told by the plaintiff and his witnesses was believed then the motorman was at fault in failing to control his car and the plaintiff did nothing more in his attempted occupancy of the track than he had the right to do.

The case turns entirely upon the question of fact, as to the distance, between the car and the team, when the first approach to the west-bound track was made, and when the motorman could be fairly said to have had notice that his track would not be clear.

The circumstances were somewhat unusual. The fact that a funeral procession was approaching upon the east-bound track made it necessary for the plaintiff to pull over to the west-bound track or into the space between it and the north curb.

This accounted for the fact that the plaintiff pursued a diagonal course in crossing the street.

Upon consideration of all the evidence, we think the question was one for the jury. The assignment of error is overruled and the judgment is affirmed.