# Wright *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Wagon—Right angle collision—Case for jury.*

In an action against a street railway company to recover damages for the death of a driver killed in a right angle collision between a wagon and an electric car, the case is for the jury where the evidence for the plaintiff tends to show that the deceased's team, after passing over the first track, was caught by the car on the second track at a crossing, and that as the feet of the horse were on this track the car was 120 feet distant, and running at a high rate of speed.

Argued Oct. 26, 1908. Appeal, No. 117, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 100, on verdict for plaintiffs in case of Joseph L. Wright and Elizabeth Wright, his wife, v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' son. Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs, for $2,170. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellant.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellees.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

The son of the plaintiffs, at the time of the collision which resulted in his death, was eleven years and five months old. In company with two other boys he was in a two-wheeled pony cart, driving a pony. This was with the permission of his father, who for some time before had allowed him to drive his team on the streets of the East End, Pittsburg, upon which street railway tracks were laid. The father stated that he had no hesitation in trusting him alone with his pony and cart. When the team was struck by a car of the defendant the boy was driving it as an advertisement for his brothers' livery stable. He had driven it for that purpose in a procession a short time before he drove across the tracks. The case was submitted to the jury under instructions to which no exception has been taken. The single assignment of error is the court's refusal, upon request, to charge that, under all the evidence, the plaintiffs could not recover.

The sole defense set up is the contributory negligence of the boy. In insisting that the judgment ought to be reversed for this reason, it is contended that in this suit by his parents to recover for their loss in his death, he must, from the testimony, be regarded as a competent driver, familiar with the streets and the dangers incident to travel thereon; that his act in attempting to cross the railway tracks was their act, and they cannot, in view of their permitting him to drive his team

upon the streets, say that the test of his contributory negligence was his boyish appreciation of the dangerous situation. Whether this be so or not we need not decide, for even conceding it to be, and that under the circumstances the plaintiffs are estopped from saying that their child ought not to be held to the degree of care that would have been required of an adult, the court could not, under the testimony, have declared as a matter of law that he was guilty of contributory negligence. He was driving eastward on Frankstown avenue, on which there were two tracks of the appellant. He was driving between the west-bound track and the pavement, and as he approached Berlin street to his right, which runs to, but does not extend over, Frankstown avenue, he turned his pony to cross over and go down the street to his brothers' stable. Two witnesses to the collision, called by the plaintiffs, testified that the team had passed over the first track, and, when the feet of the pony were on the second or east-bound one, they saw the car at a fixed point—Hanlon's building—approaching at a rapid rate of speed. The distance from the east side of the Hanlon building to the west side of Berlin street is 120 feet by actual measurement. If the car was 120 feet distant when the pony reached the east-bound track, it must have been some distance farther west when the deceased turned to cross over the tracks—so far distant that a jury might fairly find that he was not guilty of contributory negligence in crossing over. Under the evidence submitted by the defendant, he carelessly drove right in front of the approaching car, but the verdict is not to be disturbed, even though we, as jurors, might have found differently. There was evidence upon which the jury could find that the boy's carelessness had not contributed to the collision, and the judgment must, therefore, be affirmed.

Judgment affirmed.