# Humes *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Right angle collision between car and wagon—Case for jury.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the plaintiff was driving at night a large ice wagon empty and drawn by two horses along a street on which was a line of defendant's railway. As he approached the intersection of this street with another which crossed it at right angles,

and on which another line of defendant's railway was operated, he looked, when clear of the building line, and saw on the cross street a car 350 feet away. He kept his eye on the car as it approached, and with his horses at a trot proceeded to cross. He had almost cleared the track when the rear wheel of his wagon was struck by an approaching car. This car was fully equipped with headlights and other lights. A passenger in the car testified that when he saw the team coming from the side street he called to the motorman to slacken speed, but that the latter did not obey the warning. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 12, 1914. Appeal, No. 48, Oct. T., 1914, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1911, No. 1,113, on verdict for plaintiff in case of Robert Humes v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Layton. M. Schoch,* for appellant.—The case was for the jury: Odbert v. Webster, etc., Ry. Co., 50 Pa. Superior Ct. 525; Taylor v. Phila. Rapid Transit Co., 209 Pa. 46; Walsh v. Phila. Rapid Transit Co., 27 Pa. Superior Ct. 89; Timler v. Phila. Rapid Transit Co., 214 Pa. 475; Mease v. United Traction Co., 208 Pa. 434; Ervay v. Waverly etc., Traction Co., 240 Pa. 440.

*William H. Wilson,* with him *Francis M. McAdams,* for appellee.

OPINION BY HEAD, J., February 24, 1915:

The sole error assigned in this appeal is the refusal of the learned trial court to give a binding direction in

favor of the defendant. The case was submitted to the jury on both branches, viz.: the alleged negligence of the defendant and the contributory negligence of the plaintiff. Both questions were resolved favorably to the latter. He is therefore entitled to the benefit of every inference of fact that may fairly be drawn from his own testimony and that of his witnesses. The defendant offered no evidence.

The defendant operates its cars over a single track line on Thirteenth street in the city of Philadelphia. That street is twenty-six feet wide from curb to curb. The track occupies the middle of the cartway. The cars on that street move northward only. Ellsworth avenue, a street of like width, runs east and west and crosses Thirteenth street at right angles. The defendant also operates cars on that street on a single track line. Seventy-five feet south of Ellsworth avenue a small street, Annin street, enters Thirteenth street from the west but does not cross it. Nearly 300 feet further south Federal street crosses Thirteenth street parallel to Ellsworth avenue. Early on a November morning the plaintiff, driving a large ice wagon empty and drawn by two horses, was traveling east on Ellsworth avenue. When he reached the point of intersection of that street with Thirteenth he looked southward for an approaching car. He saw a car, fully equipped with headlight and other lights, and testifies it was then near Federal street, and, as he judged, from 300 to 350 feet distant. His horses were trotting at their own gait, as he declares, and thinking he had time to cross, he proceeded. He had almost cleared the track when the rear wheel of his wagon was struck by the approaching car, the motorman having made no attempt to slacken the speed of the car. From the very character of the collision it is manifest that if the motorman had reduced his rate of speed to the smallest extent, or if the plaintiff could have accelerated his in any degree, the wagon would have cleared the track and no collision would have occurred.

The negligence of the defendant, which has been found by the jury, clearly did not consist in any failure to give notice of the approaching car because the plaintiff admits he saw it from the moment he passed the property line as he emerged from the side street. There would seem to be no other basis to support the finding except that the motorman, with the plaintiff's wagon in full view, neglected to keep his car under proper control as he approached the cross street. On the other hand, the alleged contributory negligence of the plaintiff did not consist in any failure to properly look out for an approaching car before he attempted the crossing because he declares he was constantly watching it as it came on. If the plaintiff was right in his judgment that the car was 350 feet distant from Ellsworth avenue when he first got a view of it, how would it be possible for the court to declare, as matter of law, that he was guilty of contributory negligence in essaying the crossing? The pedestrian or driver of an ordinary vehicle is entitled to the reasonable use of the public highway, even though it be true that at any given moment the rights of the defendant company on its own track be superior. These two rights must be exercised and enjoyed in such reasonable manner that both can exist without undue or unreasonable interruption.

In Connor v. Pittsburg Railways Co., 50 Pa. Superior Ct. 629, in discussing these rights, this court said: "It is but to state a universally recognized rule, both of law and reason, to say that a pedestrian may not undertake to cross a track in front of a visibly approaching car, running under normal conditions, without leaving himself sufficient time to clear the track before the arrival of the car. But it is equally true that a pedestrian, desiring to cross a city street, is not prohibited, either by law or reason, from doing so merely because a car is approaching at some distance away although plainly in sight. Otherwise, the streets of our cities would have to be given up exclusively to the use of the

cars operated thereon.   Between these two extreme cases there must be a zone of reasonable safety within which a pedestrian may undertake to cross a street, although a car be approaching, without it being apparent that he has violated any rule either of law or common sense.   Under such circumstances, the propriety of his determination to cross the street, the reasonableness of his conclusion or the lack of it must be submitted to and passed upon by a jury."

In determining therefore whether or not the present plaintiff did an unreasonable thing in attempting to cross the track, with the approaching car at the distance he states, he was bound to take into consideration those things that would be usual and ordinary, within the common experience of the average man.   He was not charged with any foreknowledge that the defendant would operate its car in an unusual, reckless or negligent way.   It would be harsh to conclude that the collision, which could have been so easily prevented by the motorman, if his car were under proper control, was the result of a willful intention to do injury.   It is much more probable that he himself, estimating the distance, reached the same conclusion as did the plaintiff, and therefore thought it unnecessary to reduce the speed of the car while there was yet time to do so.

The plaintiff offered in evidence an ordinance of the city of Philadelphia making it obligatory on the part of motormen to stop their cars on the near side of cross streets.   In the present case the motorman was approaching a cross street, Ellsworth avenue, on which he might expect another car or a vehicle of any kind. There is nothing in the evidence to weaken the inference that he saw the wagon of the plaintiff from the moment it came within his line of view.   On the contrary there is evidence of a passenger in the car, that when he saw the team coming from the side street he feared a collision and called to the motorman to slacken his speed, but the latter did not even attempt to obey the warning.

There is much other evidence, from other witnesses, all of which, taken together, as we view it, clearly necessitated the submission of the question of contributory negligence to the jury.

The case, in its controlling features, resembles Dunn v. Phila. Rapid Transit Co., 244 Pa. 176.   In affirming a judgment for the plaintiff Mr. Justice Moschzisker, speaking for the court, said: "(plaintiff), no doubt, calculated from the distance of the car and the rate of speed at which trolleys ordinarily travel that they had ample time to cross the tracks in safety, and further, they assumed from their familiarity with the established custom, that the car would slacken its pace or stop altogether on the east side of Fifty-first street. . . . Taking the evidence as a whole, the facts and inferences were matters to be determined by a jury."   Support for the same doctrine will be found in the opinions of the courts in Spahr v. York Railways Co., 50 Pa. Superior Ct. 602; Kennedy v. Consolidated Traction Co., 210 Pa. 215; Wright v. Pittsburg Railway Co., 223 Pa. 268, and Hobel v. Mahoning, etc., Railway Co., 229 Pa. 507.

Under the evidence we can reach no other conclusion than that the learned trial judge was right in submitting to the jury for their determination the question of whether or not, under all of the surrounding circumstances, the plaintiff was guilty of contributory negligence in attempting to cross the track of the defendant. The assignment of error is overruled.

Judgment affirmed.