## Cathcart v. Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Collision between car and wagon —Contributory negligence.*

Where a driver of a team about to cross a street railway looks along the tracks before urging his horses onto the tracks and sees a car 300 feet away, he cannot be charged with contributory negligence as a matter of law in driving ahead, and if in such a case it appears that the wagon was struck with violence, there is sufficient evidence of the defendant company's negligence to submit the case to the jury.

Argued Oct. 13, 1915. Appeal, No. 54, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1912, No. 4660, on verdict for plaintiff in case of John Cathcart v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000.00. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

Layton M. Schoch, for appellant, cited: Latnee v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 362; Moss v. Philadelphia Traction Co., 180 Pa. 389; Walsh v. Philadelphia Rapid Transit Co., 27 Pa. Superior Ct. 89; Pilgrim Laundry Co. v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 393; McPhillips v. Union Traction Co., 19 Pa. Superior Ct. 223; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Cupps v. Trac-

tion Co., 13 Pa. Superior Ct. 630; Wetzel v. Pittsburgh
Rys. Co., 55 Pa. Superior Ct. 22.

*Henry J. Scott,* for appellee, cited: Thompson v. Peoples Traction Co., 180 Pa. 114; Sheetz v. United Traction Co., 49 Pa. Superior Ct. 177; Sieb v. Central Penna. Traction Co., 47 Pa. Superior Ct. 228; Cook v. Erie Electric Motor Co., 225 Pa. 91; McDyer v. Eastern Penna. Rys. Co., 227 Pa. 641; Bickley v. So. Penna. Trac. Co., 56 Pa. Superior Ct. 113; Wetzel v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 22.

OPINION BY HEAD, J., March 1, 1916:

We are asked to reverse this judgment on two familiar grounds, viz:—(a) The evidence does not warrant a finding the defendant company was guilty of any negligent act; (b) The learned trial court should have declared, as matter of law, the plaintiff was guilty of contributory negligence. In determining such a case we have so often said we must accept as established the facts as testified to by the plaintiff with every favorable inference that can reasonably be drawn therefrom.

In the case at bar the plaintiff testifies he was the driver of a team. Just before the accident his wagon was backed to the sidewalk with the heads of his horses turned in the line of the street in order to make as little obstruction as possible to the public traffic. When he was ready to start he first straightened his team and the horses' heads then were about two and one-half feet from the track of the defendant company. He declares he then looked both west and east and saw an east bound car coming. He estimated its distance from him to be three hundred feet and concluded he had ample time to cross the track.. He further states he urged his horses with the driving lines and, to use his expression, they had "just about jumped into a trot." Before his wagon had quite cleared the track its rear wheel was struck by the oncoming car, the plaintiff was thrown from the wagon

and his arm was broken in at least two places. There is in the evidence offered by the defendant strong contradiction of this state of facts, but the learned trial judge, in refusing to direct a verdict for the defendant, was bound to regard the plaintiff's statement as credible. A fortiori are we obliged to accept it since the jury, by their verdict, have declared it to be credible. The plaintiff then, according to his statement, looked just before he urged his horses on the railway track. If he was right, or approximately right, in his estimate of the distance of the defendant's east bound car, no court could say, as matter of law, he was not justified in undertaking the crossing. The learned and experienced trial judge therefore rightly concluded that, on this branch of the case, the plaintiff had not convicted himself of contributory negligence.

Was there evidence to warrant a conclusion the defendant's employee was operating the car at a rate of speed too high or without sufficient control? It is true no witness testified in so many words to the rate of speed at which the car was going. There is evidence to support the conclusion the operator of the car, at some time before the collision, realized it was imminent and reversed the motor. In spite of this the collision occurred. That it was of some violence is indicated by the nature of the injuries the plaintiff received. At the time of the collision the plaintiff's wagon was moving close to one of the piers that support the elevated railway on Market street in Philadelphia. The effect of the impact of car and wagon was to push the latter against the pier.

From the circumstances we have recited the jury might determine the speed of the approaching car with at least as much accuracy as if they depended on the opinion evidence of a witness watching its passage. If it was in fact three hundred feet away from the plaintiff when he essayed to cross the track, it could not have collided with him unless it came rapidly. If it were coming slowly, under control, with the plaintiff in view of the

motorman, a jury might naturally conclude that by reversing his power and applying his brake, the motorman could have prevented the collision. With these conditions and the inferences that might fairly be drawn from them, we cannot say the learned trial judge should have declared there was no evidence to support a finding the car was being negligently operated. There was therefore no solid ground for a binding direction in favor of the defendant and the case was properly submitted to the jury under instructions of which the defendant does not complain.

Judgment affirmed.