# Rogers *v.* Philadelphia & West Chester Traction Co., Appellant.

*Negligence—Street railway—Collision between wagon and car—Case for jury.*

In an action against a street railway company to recover damages for personal injuries suffered in a collision between an electric car and a wagon which plaintiff was driving, the evidence for the plaintiff tended to show that the plaintiff was driving a two-horse team, and that the wagon was a no-top, dump wagon loaded with posts and weighed about 3,300 pounds. The driver was experienced and familiar with the crossing. He testified that he stopped, looked and listened when the horses' heads were two or three feet from the track, but not seeing or hearing a car started to cross, that the wagon was struck, when its rear wheels were on the track with such force that the posts were thrown eighty feet away, and that he himself was thrown twenty feet; that the car was running at an unusual speed and passed the scene of the accident twenty-five to thirty feet before it was stopped. He was corroborated by two disinterested eye witnesses, one of whom stated that there was an unobstructed view in the direction from which the car came for more than three hundred feet. The motorman testified that the car was running six miles an hour, and the conductor that it was running four miles an hour. Both testified that the plaintiff stopped, and then whipped up his horses to get over. Two other witnesses for the defendant testified that the team stopped, and one of them stated that the car ran for a half-car length after the collision. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 20, 1917.   Appeal, No. 47, Oct. T., 1917, by defendant, from judgment of C. P. Del. Co., March T.,

250, (1918).] Statement of Facts—Opinion of the Court.
1913, No. 210, on verdict for plaintiff in case of Charles
Rogers v. Philadelphia & West Chester Traction Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD,
KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before BROOMALL, J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $110. Defendant appealed.

*Error assigned* was in refusing defendant's motion
for judgment n. o. v.

*William I. Schaffer,* with him *John J. Stetser,* for appellant.

*Monroe H. Anders,* with him *Howard E. Hannum,* for
appellees.

PER CURIAM, March 2, 1918:

The plaintiff was driving a two-horse team owned by
M. R. Lane and wife, hauling a heavy no-top, dump wagon, loaded with hickory posts 6 feet, 6 inches long, averaging about 9 inches in diameter, and weighing about
3,300 pounds. He was an experienced driver and familiar with the crossing of the tracks he was about to enter.
He testified that, when the horses' heads were 2 or 3 feet
away from the first rail, he stopped, looked and listened,
and not hearing either whistle or other signal, and not
seeing any car, he entered upon the crossing, and when
the rear wheels were on the tracks, the wagon was struck
by the defendant's trolley car with such force that the
wagon was badly damaged, the hickory posts were
thrown 50, 70 and 80 feet away, and he was thrown 20
feet from his wagon; that the car was coming at unusual
speed and passed the scene of the accident 25 or 30 feet

before it was stopped. He was corroborated by two disinterested eye witnesses, one of whom testified that, from the crossing there was an unobstructed view in the direction from which the car came of more than 300 feet. The motorman testified that "He approached the crossing at the rate of about 6 miles an hour; that he saw the team approaching the tracks and stop; that the driver whipped up the horses to get across the track and was struck before he could do so." The conductor of the car testified that, "The speed was at the rate of 4 miles an hour; that the wagon driver stopped about 10 feet from the crossing when the car was 75 feet distant therefrom; that the car started to slow down, when the driver whipped up his horses and the wagon was struck about the centre. A passenger witness for the defendant testified that, "the wagon apparently stopped, when the motorman released the brakes, the car was struck and ran but a half car-length after the collision." Another eyewitness for the defendant testified that, "the team stopped a short distance from the tracks."

The above facts are in substance the controlling ones of the case. The defendant asked for binding instructions, which were refused, and after a verdict for the plaintiff, moved for judgment non obstante veredicto or for a new trial, which motions were dismissed by the court.

The plaintiff was corroborated in a very substantial degree as to the essential facts of the case by the defendant's witnesses; and considering the heavy, unwieldy load he was hauling, and his positive testimony that "he saw no car and heard no whistle," it could not be held as matter of law that he was guilty of contributory negligence.

All the disputed facts were fairly submitted to the jury in an adequate charge, under authority of Clift v. Philadelphia & West Chester Co., 52 Pa. Superior Ct. 502; Cathcart v. P. R. T. Co., 62 Pa. Superior Ct. 215; Francis v. Ardmore, Etc., R. R. Co., 66 Pa. Superior

Ct. 497; Clingman v. Pittsburgh Rys. Co., 252 Pa. 12; Bernstein v. Penna. R. R. Co., 252 Pa. 581; and Wolf v. R. R. T. Co., 252 Pa. 448.

As was said in Shaffer v. P. R. R. Co., 258 Pa. 288, "We feel that the circumstances attending this accident and the conduct of the driver with reference to them, afforded plausible ground for a variety of inferences, so that the verdict of a jury was the only proper means of determining whether the driver exercised the degree of care which a reasonably prudent man would have exercised under the circumstances. The conclusions to be drawn from the evidence are not free from doubt, and in such a case the court should not decide the question as one of law. It may be that, when the driver stopped his wagon at a point where he had a view of but little more than 300 feet along the tracks, he should have done something more, but we do not feel that under the circumstances, the court would have been justified in pronouncing upon his conduct in that respect as a matter of law."

The judgment is affirmed.