# Camac, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways — Wagon—Right-angled collision— Contributory negligence—Case for court.*

1. Where a driver of a heavily laden wagon turns to cross, into a side street, a double-track street railway on the street on which he has been driving, and knows that a street car is approaching towards him on the far track within the block, nevertheless drives on to such track without further looking, and is struck, he is guilty of contributory negligence as a matter of law.

2. In such case, where there is no dispute as to the facts, or inferences to be drawn from them, it is the duty of the court to declare plaintiff guilty of contributory negligence.

Argued February 23, 1921. Appeal, No. 144, Jan. T., 1911, by plaintiff from judgment of C. P. No. 4, Phila. Co., June T., 1919, No. 456, for defendant n. o. v., in case of John Camac v. Phila. Rapid Transit Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before AUDENRIED, J. The opinion of the Supreme Court states the facts.

At the trial the jury returned a verdict for plaintiff for $10,000. Subsequently the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was entry of judgment for defendant n. o. v., quoting record.

*Victor Frey,* with him *Augustus T. Ashton,* for appellant.

*Layton M. Schoch,* for appellee, was not heard.

PER CURIAM, March 14, 1921:

Gray's Ferry Road is of the width of sixty feet and extends westerly in Philadelphia, intersecting Thirty-first Street at right angles. Defendant has a double track electric street railway in the center of Ferry Road; that to the south being east bound. On August 29, 1919, plaintiff drove a team drawing a heavily laden ice wagon westerly along the north side of this road, and, as he started to turn south on Thirty-first Street, saw an eastbound car coming down from Thirty-second Street, but drove on diagonally over the north track, and did not look west again until his horses were upon the south track. He then saw the car nearly upon him, but drove on as he had no other means of escape, and it collided with the forward part of the ice wagon, causing him serious personal injury. Plaintiff drove more than twelve feet and committed himself to the crossing of a track upon which he knew a car was approaching, without looking to ascertain its position. The jury found for him, but later the trial court entered judgment for defendant (n. o. v.) on the ground of contributory negligence.

Plaintiff's appeal therefrom cannot be sustained. Knowing a car was approaching within the block and that he had a slowly moving ice wagon, it was plaintiff's duty to ascertain the position of the car immediately before entering upon that track. It was a clear day, the car was moving at usual speed and defendant is not liable for an accident resulting from plaintiff driving into a place of manifest danger. There being no dispute as to the facts, or inferences to be drawn therefrom, it was the

duty of the court to declare plaintiff guilty of contributory negligence: Wolf v. Phila. Rapid Transit Co., 252 Pa. 448.

The judgment is affirmed.