# Mellinger, Appellant, *v.* Conestoga Traction Company.

*Negligence—Automobiles—Street car—Collision—Contributory negligence—Case for jury—Non-suit.*

In an action of trespass to recover damages for injuries to an automobile sustained in a collision with a trolley car the testimony showed that plaintiff saw a trolley car approaching 216 feet away, estimated its speed and decided that he had time to cross in safety. His engine stalled before he cleared the track. There was also evidence that the motorman was not looking ahead, but was placing coins in his receiver. In such circumstances the question, both of negligence and contributory negligence, was for the jury and a refusal to take off judgment of non-suit will be reversed.

A driver of a motor vehicle about to cross the street is not required to wait because a car is in sight; if he has reasonable time there is no negligence in attempting to cross the tracks. The distance the car is from him, and the speed at which it and his automobile are running are elements entering into the question of reasonable time. If, after making these observations, it would appear to the ordinarily prudent person that there is an opportunity to cross safely, it is not contributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable one.

Argued November 14, 1927. Appeal No. 92, October T., 1927, by plaintiff from judgment of non-suit by C. P. Lancaster County, August T., 1924, No. 47, in the case of Samuel M. Mellinger v. Conestoga Traction Company. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before Hassler, J.

The opinion of the Superior Court states the case.

The court entered judgment of non-suit. Plaintiff appealed.

*Error assigned* was the refusal to strike off the judgment of non-suit.

*Charles W. Eaby,* for appellant.

*George T. Hambright, John E. Malone,* and *Zimmerman, Myers & Kready,* for appellee.

OPINION BY KELLER, J., March 2, 1928:

Plaintiff appeals from the order of the court below, discharging the rule to strike off judgment of non-suit, entered in an action of trespass. We must, therefore, for the purposes of this appeal, consider the facts as given in evidence by the plaintiff and his witnesses in the light most favorable to him.

Plaintiff was driving his automobile north on Cherry Street, a narrow street or alley, in the City of Lancaster, approaching Walnut Street, into which he purposed turning westward. Defendant maintains a street car track on Walnut Street on which the cars travel westward. When plaintiff got to Walnut Street he looked in both directions and saw defendant's trolley car approaching on the right, two-thirds of the block, or about 216 feet, away. An automobile was parked on the north side of Walnut Street close to Cherry Street, requiring plaintiff to make a sharper turn to the west. He had been traveling about 8 miles an hour and estimated the speed of the trolley car at 15 miles an hour. Believing he had ample time to cover the forty or fifty feet necessary to clear the track, while the trolley car was traveling the 216 feet which separated them, he started to make the turn, which caused his back to be presented to the approaching car. Before he was able to cross the track he had engine trouble of some sort which stopped his automobile and while it was standing still, with the right rear wheel between the rails, was struck by defendant's car. It was shown that this car, a "one-man" car, had stopped at the previous street intersection, Lime Street, was traveling at a moderate rate of speed and without much acceleration, but that the motorman in charge

was not looking ahead of him but had his head downward, putting coins into his change receiver, and did not see the plaintiff or make any attempt to stop his car until immediately before the collision, stopping it then within seven or eight feet thereafter. The court granted a non-suit and subsequently refused to take it off, on the ground that plaintiff did not look for the trolley car after he passed the curb and began making the turn.

We are not convinced that in the circumstances here present the failure to look back just before he entered on the track contributed in any way to the accident. He had seen the car and knew it was coming. It was not moving rapidly. The accident was not due to any sudden acceleration of its speed after he passed the curb. Had it been, the case would have been different. Had the motor not stalled there would have been ample time, with the car moving at the speed it was going, for the plaintiff to clear the track and travel fifty feet further on Walnut Street before the car caught up to him. "A driver of a motor vehicle about to cross the street is not required to wait because a car is in sight; if he has reasonable time there is no negligence in attempting to cross the tracks . . . . . . The distance the car is from him, and the speed at which it and his automobile are running, are elements entering into the question of reasonable time . . . . . . On a level street the driver of an automobile would not be considered negligent in attempting a crossing when a street car is half a block or more distant": Flounders v. Southern Penna. Traction Co., 280 Pa. 85, 87, 88. "Before a driver commits his car to the act of crossing, he should consider the distance of the car from the automobile; he may not rest on the assumption that it will stop at the crossing, but must pay attention to its approach. If, after making these observations, it would appear to the ordinarily

prudent person that there is an opportunity to cross safely, it is not contributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable one. The driver of a car is not bound to wait at a crossing until a car passes merely because it is seen in the distance, but, as distance is one of the controlling factors entering into the determination of what is due care in a given case, we must be careful not to apply too strictly the rules of safety in a judgment thus reached, and determine from the circumstance that the operator took a chance. The operator may assume, and we must also consider, that when a trolley is in view, it will be operated with due care'': Kilpatrick v. Phila. R. T. Co., 290 Pa. 289, 292, 293. See also Kennedy v. Consolidated Traction Co., 210 Pa. 215, 216, 217; Cathcart v. Phila. R. T. Co., 62 Pa. Superior Ct. 215.

From the plaintiff's evidence it is clear that only two things caused or contributed to the collision: (1) The stalling of plaintiff's engine. For this neither the plaintiff nor the defendant, under the evidence, seems responsible; (2) the negligence of defendant's motorman in running across Cherry Street without watching the track in front of him. For this defendant was responsible. We cannot hold, in the circumstances here shown, that the plaintiff was guilty of contributory negligence, as a matter of law, in attempting the crossing, with the defendant's car two-thirds of a block away and approaching at a moderate speed. That the speed was moderate and not greatly accelerated after the plaintiff started to make the turn is also inferable from the fact that the car was stopped within seven or eight feet after applying the brakes.

We are of opinion that, as the facts were developed at the close of the plaintiff's case, the negligence of the defendant and the contributory negligence of the plaintiff were both questions for the jury, and not for the court, to determine.

The entry of a non-suit is not assignable as error. The refusal to strike it off is: Haverly v. Mercur, 78 Pa. 257; Dutton v. Pyle, 7 Pa. Superior Ct. 126, 129. The third assignment of error is, accordingly, sustained. The order is reversed, the judgment of non-suit is stricken off and a new trial awarded.