Thornton Fuller Automobile Company *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 5, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Henry B. Coxe, Jr.*, and with him *J. J. K. Caskie*, for appellant.

*Elston C. Cole*, and with him *Josiah H. Marvis*, for appellee.

OPINION BY GAWTHROP, J., January 25, 1929:

The defendant appeals from a judgment entered on a verdict against it in an action of trespass for damages resulting to plaintiff's motor bus from a collision between the latter and one of defendant's trolley cars. Its only assignments of error assert that the trial judge erred in refusing its point for binding instructions, and the court in banc in dismissing its motion for judgment non obstante veredicto.

Accepting as true, as we must in the circumstances, all of the evidence and inferences fairly deducible therefrom, favorable to the plaintiff, the judgment should be reversed. The plaintiff's motor truck, towing a new school bus, also the property of the plaintiff, was being driven south on Taney Street which intersects, but does not cross, Bainbridge Street. The width of the streets did not appear. The driver of the truck testified on direct examination that just as he got to the house line of Bainbridge Street where he could see "down the corner" to the west on Bainbridge Street, he saw the trolley car just as it had turned into Bainbridge Street from another intersecting street; that he was then running the truck in second gear and estimated the distance of the trolley car from him to be from one hundred and fifty to two hundred feet, and concluded that he had ample time to

turn to the east on Bainbridge Street; that he made the turn and crossed the defendant's tracks to the south side of Bainbridge Street, and the rear end of the bus was eighteen or twenty feet east of the east house line of Taney Street when the trolley car struck it. Another witness for the plaintiff testified that at the moment of the collision "the rear of the bus was on the track, just about two more feet the car would have cleared it—two more feet off the track." The driver's testimony on cross-examination was as follows: "Q. You said you first saw this trolley car when you came up to the house line—the building line? A. When I got there—the trolley had just got there. Q. You said that was about 150 feet away down to the next little street? A. About 150 feet when I blew my horn for him to stop. Q. That is when you came to the building line? A. I seen him when he was leaving the corner between the two little streets. The corner was 150 or 200 feet. Q. When you saw the trolley car? A. Yes, sir. Q. When did you next see the trolley car? A. When he struck the bus and jammed it. Q. You did not see it between the time at the house line and when he jammed the bus? A. Yes. Q. You did not see him? A. I thought he had stopped. Q. You thought he had stopped so you did not look? A. No."

The appellant does not challenge the sufficiency of the evidence of its negligence, but asks us to reverse the judgment on the ground that the trial judge should have declared, as matter of law, that the driver of the truck was guilty of contributory negligence because he did not look immediately before entering the track. Under the settled rule of the cases in the Supreme Court and this court, the defendant was entitled to binding instructions on that ground. When a traveller fails to look for approaching cars immediately before going upon a street car track, or as some of the cases say, at the edge of the track, he

is guilty of contributory negligence: Patton v. George, 284 Pa. 342; Woomer v. Altoona & Logan Valley Elec. Ry. Co., 80 Pa. Superior Ct. 261; Timler v. Phila. Rapid Transit Co., 214 Pa. 475. The duty to look when the tracks are reached and immediately before attempting the crossing is positive and imperative: Smathers v. P. & B. St. Ry. Co., 226 Pa. 212; Burke v. Union Traction Co., 198 Pa. 497. The duty of the chauffeur was increased by his knowledge that it would take him longer to clear the track because he was towing the bus. In the circumstances, the rule requiring him to look immediately before attempting the crossing applies with all its rigor. If he had looked at the car immediately before entering the track, he would have seen that it was approaching, would have known that he was mistaken when he thought that it had stopped, and could have avoided the accident. The contention of counsel for the appellee that the rule of law above stated is not applicable to the facts of this case because it is a case of a rear end collision occurring between street intersections, is without merit. The accident resulted from an unsuccessful attempt to cross the tracks of the defendant. As plaintiff's contributory negligence was established by undisputed

The judgment is reversed and is here entered for evidence, it was the duty of the court to so declare. the defendant n.o.v.