Phila. Dairy Prod. Co., Inc. *v.* Phila. Rapid Transit Co., Appellant.

Argued October 9, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Warwick Potter Scott*, and with him *John J. K. Caskie*, for appellant.

*Harold D. Saylor*, for appellee.

Opinion by Keller, J., December 12, 1929:

This was a right-angle collision between a motor

truck and a trolley car. As the finding of the trial judge was in favor of the plaintiff we must accept the evidence most favorable to it as true, together with all inferences reasonably to be drawn therefrom.

The real question in the case is whether from the evidence of plaintiff's witnesses the contributory negligence of its driver was so clearly established that the court below should have declared it as matter of law.

Plaintiff's truck was being driven west on Ogden Street. As the driver approached the intersection with Twelfth Street he looked to his right and saw defendant's trolley car crossing Poplar Street and coming southward. He was unable to state how far away in feet the car then was from Ogden Street. Some boys were playing in the street intersection and to avoid hitting them he slowed up, almost coming to a stop, blew his horn and "hollered" at them, thus diverting his attention from the trolley, and then proceeded to cross the trolley track without looking again, and was struck when the truck was about midway on the track. One of plaintiff's witnesses said the trolley car was about thirty feet away when he started to cross; another said it was thirty feet away when the front wheels had crossed the first rail. It is clear that had the driver looked just before he came to the track he would have seen that the trolley car was too near for a reasonably prudent person to venture to cross the track ahead of it. His failure so to look was negligence contributing to the accident, and prevents plaintiff's recovery in this action.

The case of Mellinger v. Conestoga Traction Co., 92 Pa. Superior Ct. 332, cited by plaintiff, bears no resemblance to this one. There the failure to look just before entering the track had no causal connection with the accident for the trolley car was then several hundred feet away and approaching leisurely. Had the driver looked he would nevertheless have been justified

in proceeding across. The accident there was caused by the plaintiff's automobile stalling on the track and the trolley car slowly but negligently running into it, because the motorman was not looking ahead but was busy counting his money. We had no intention, in that case, of weakening the general rule that the driver of a motor vehicle intending to cross a trolley track must look for the trolley car just before entering the track, and must not proceed to cross, unless the trolley car is so far distant that considering the speed at which it is then moving, in the exercise of ordinary, prudent judgment, he is justified in concluding that he can safely make the crossing: Burke v. Union Traction Co., 198 Pa. 497; Bane v. Pittsburgh Rys. Co., 243 Pa. 427; George v. Phila. R. T. Co., 285 Pa. 362; Kalter v. Phila. R. T. Co., 95 Pa. Superior Ct. 116; Thornton Fuller Co. v. Phila. R. T. Co., 95 Pa. Superior Ct. 286.

The first and third assignments of error are sustained. The judgment is reversed and is here entered for the defendant.