S. Sklaroff et al. *v.* Phila. R. T. Co., Appellant.

Argued November 13, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Harpur M. Tobin,* for appellant.

*Victor H. Blanc,* for appellee.

Opinion by Keller, J., December 27, 1930:

A careful review of all the evidence in this case, considered in the light most favorable to the plaintiffs, satisfies us that Diamond, who was driving the Sklaroff truck when it was hit by the defendant's trolley car, must be held guilty of contributory negligence as matter of law, and that defendant's points for binding instructions should have been affirmed or judgments non obstante veredicto entered in its favor.

Island Road runs east and west. Two street car tracks are maintained along or upon it by defendant, one on the north side, for west bound traffic and the other on the south side for east bound traffic, with the roadway for vehicular traffic between. At or about 77th Street it is practically a country road, the country being open with only a few houses around.

At eleven o'clock in the morning of March 26, 1926,

the plaintiff Diamond was driving the other plaintiffs' truck westward on Island Road on the north side of the roadway used for vehicular traffic, traveling about twenty miles an hour, and intending to turn southward into 77th. Street. As he approached 77th Street and started to make the turn he saw defendant's car approaching from the west about 400 feet away. He slackened his speed to ten miles an hour but did not look again until his front wheels were across the first rail of defendant's east bound track, and then defendant's car was distant from 125 to 150 feet away. Thinking, he said, that he could clear the track he proceeded and was struck before the truck was clear of the track and overhang of the car. In doing this he violated the well-established rule which required him to look for the defendant's car just before entering on the track: Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212, 215; Benamy v. Reading Transit & Light Co., 269 Pa. 372, 373; Camac v. Phila. R. T. Co., 269 Pa. 543, 544; Kalter v. Phila. R. T. Co., 95 Pa. Superior Ct. 116, 121; Thornton Fuller Auto Co. v. Phila. R. T. Co., 95 Pa. Superior Ct. 286, 288. When he looked the second time he was already in a place of danger, with his front wheels over the first rail where it would have taken as long to stop and reverse and back off as to go ahead and clear the track. Had he looked just before going on the track he would have seen defendant's car only 150 feet away and coming at a rate of 35 to 40 miles an hour, and would have realized that if the trolley car had traveled 250 feet while he had crossed the roadway between the tracks, it was at least doubtful whether he could safely clear the track while the car traveled the remaining distance. There is no room for question that Diamond testified that he looked just before he started to make the turn and did not look again until he was partly across the track;

and that being so, and having been hit before, in the ordinary operation of his truck, he could clear the track, he must be held guilty of contributory negligence as matter of law.

The first and second assignments of error in each appeal are sustained. The judgment in each case is reversed and entered in favor of the defendant non obstante veredicto. No. 334, October Term, 1930. Judgment reversed and entered in favor of the defendant non obstante veredicto. No: 336, October Term 1930. Judgment reversed and entered in favor of the defendant non obstante veredicto.